**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY DENNIS,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE ARTIS, et al.,<br><br>    Defendants. | Civil No. 12-7671 (NLH)<br><br><br>**OPINION** |

**APPEARANCES**:

    GARY DENNIS, #70901
    Burlington County Detention Center
    P.O. Box 600
    Mt. Holly, NJ  08060
    Plaintiff Pro Se

**HILLMAN, District Judge**:

    Gary Dennis, a pretrial detainee who is incarcerated at Burlington County Detention Center ("BCDC"), seeks to file a Complaint against the Warden and John Doe defendants, asserting violation of his constitutional rights under 42 U.S.C. § 1983. This Court will grant Plaintiff's application to proceed *in forma pauperis* and, for the reasons explained below, dismiss the federal claims raised in the Complaint and decline to exercise supplemental jurisdiction over claims arising under state law.[1]

---

[1] This Court initially denied Plaintiff's application to proceed *in forma pauperis* because he did not submit the certified trust fund account statement required by 28 U.S.C. § 1915(a)(2). He thereafter submitted the certified account statement.

## I. BACKGROUND

Plaintiff sues the Warden of BCDC and John Doe defendants for violation of his constitutional rights. He alleges the following facts:

> The defendants in this case arbitrarily terminated my visitation rights with my fiancé; Barbara Pastorella on or about September 25, 2012 without any form of procedural due process of law. On or about September 25, 2012 I was taken before a disciplinary tribunal on charges of attempting to introduce contraband into the institution through the mail. I was found guilty of the charge and sentenced to 7 days in disciplinary confinement status. The disciplinary charge had nothing to do with my fiancé; Barbara Pastorella or my visiting status with her as an approved visitor. Thus, I had not been afforded any opportunity to contest the suspected involvement of my fiancé; Barbara Pastorella in the disciplinary charge, nor was Barbara Pastorella ever accused of any involvement in the charge or with a violation of institutional rules and regulations. However, jail officials arbitrarily terminated my visiting right with Barbara Pastorella without due process and equal protection of law. (See: Exhibit "A")

(Compl., ECF No. 1 at 6.)

Plaintiff contends that Warden Artis violated his rights, since the Warden "is responsible for implementing and/or maintaining official policies and practices" at the jail "which resulted in depriving" Dennis of his constitutional right to freedom of association without due process and equal protection. (Compl. ECF No. 1 at 5.) For violation of his constitutional rights, he seeks an injunction, declaratory relief and damages of $180,000. *Id.* at 7.

2

Attached to the Complaint is a handwritten memorandum or letter from Plaintiff to Warden Artis dated October 3, 2012. (Attachment, ECF No. 1 at 8-9.) In the memorandum, Plaintiff states that, after he served the seven-day disciplinary sanction for attempting to introduce contraband into the institution, the Classification Department informed him that his girlfriend was no longer permitted to visit him. *Id.* Plaintiff expresses his opinion that the suspension of visitation violated the New Jersey Administrative Code and the Due Process Clause, contrary to *Wolf v. McDonnell*, 418 U.S. 539 (1974) and *Sandin v. Conner,* 515 U.S. 472 (1995). *Id.*

## II.  STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal

under 28 U.S.C. § 1915A because Plaintiff seeks redress against a governmental entity (CMCCF) and employee (the Warden).

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."

4

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

A. <u>Federal Claims</u>

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Pretrial detainees are protected from punishment without due process of law under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Bistrian v. Levi,* 696 F.3d 352, 373-74 (3d Cir. 2012). Although pretrial detainees "do not forfeit all

constitutional protections," it is settled that "[t]he fact of confinement as well as the legitimate goals and policies of the penal institution limit these retained constitutional rights." *Bell*, 441 U.S. at 545, 546. However, "[t]here is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates" and, "it may be that in certain circumstances [detainees] present a greater risk to jail security and order." *Id*. at 546 n.28. Jail officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 547; *see also Florence v. Board off Chosen Freeholders of County of Burlington,* 132 S.Ct. 1510, 1515 (2012) ("Maintaining safety and order at [county jails] requires the expertise of correctional officials, who must have substantial discretion to devise reasonable solutions to the problems they face.").

As the Supreme Court noted in *Florence,* "[p]olicies designed to keep contraband out of jails and prisons have been upheld in cases decided since *Bell*." *Florence,* 132 S.Ct. at 1516. For example, in *Block v. Rutherford,* 468 U.S. 576 (1984), the Supreme Court held that Los Angeles County Jail did not violate the constitutional rights of pretrial detainees by banning all contact visits because the ban was reasonably related to security:

> That there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion . . . . Contact visits invite a host of security problems. They open the institution to the introduction of drugs, weapons, and other contraband. Visitors can easily conceal guns, knives, drugs, or other contraband in countless ways and pass them to an inmate unnoticed by even the most vigilant observers.

*Block,* 468 U.S. at 586.

In *Overton v. Bazzetta,* 539 U.S. 126 (2003), the Supreme Court upheld a variety of prison regulations limiting contact and non-contact visitation. Specifically, the Court upheld a two-year ban on visitation for inmates with two substance abuse violations on the rationale that "[w]ithdrawing visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior . . ." *Id.* at 134. The Supreme Court acknowledged, however, that its Eighth Amendment analysis might differ "[i]f the withdrawal of all visitation privileges were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate." *Overton*, 539 U.S. at 137.

In this case, Plaintiff does not assert that all his visitation privileges were withdrawn. His allegations do not suggest that the Warden suspended his visitation privileges with his girlfriend permanently or arbitrarily, as he admits that he was found guilty of attempting to introduce contraband into the jail through the mail. This Court finds that Plaintiff allegations do not show that the

Warden violated his First Amendment rights or denied him liberty without due process under *Bell* by suspending visitation with his girlfriend. *See Block,* 468 U.S. at 586; *cf. Presbury v. Wenerowicz,* 472 F. App'x 100 (3d Cir. 2012) (holding that temporary suspension of inmate's visitation privileges with his wife does not violate constitutional rights of prisoner).

To the extent that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to pretrial detainees,[2] Plaintiff has not alleged facts showing that he was deprived of a protected liberty interest without due process under the *Sandin* test.[3] Citing *Sandin,* 515 U.S. at 485, the *Overton* Court held that the two-year withdrawal of visitation was not a "dramatic departure from accepted standards for conditions of confinement." *Overton*, 539 U.S. at 137. Moreover, as explained above, the facts alleged indicate that Plaintiff's visitation privilege with his girlfriend was not suspended arbitrarily, but after he was found guilty at a disciplinary hearing of attempting to introduce contraband into the jail. This Court finds that he has not stated a Fourteenth Amendment due process claim under *Sandin*.

---

[2] The Third Circuit has repeatedly held that *Sandin*'s "atypical and significant hardship" test applies only to sentenced inmates, while the *Bell* test applies to pretrial detainees. *See Bistrian*, 696 F.3d at 373; *Stevenson v. Carroll*, 495 F.3d 62, 69 n.4 (3d Cir. 2007).

[3] *Sandin* held that liberty interests created by a state are protected by due process if their denial is an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484.

*See Williams v. Ozmint,* 716 F.3d 801 (4th Cir. 2013) (holding that suspension of inmate's visitation privileges for two years without conducting a hearing or finding him guilty of disciplinary offense did not violate clearly established rights under First Amendment, Eighth Amendment or the Due Process Clause of the Fourteenth Amendment).

Finally, Plaintiff has alleged no facts supporting a violation of his equal protection rights. This Court will dismiss the equal protection claim.

B. Amendment

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In this case, where Plaintiff's allegations are detailed and nothing alleged in the Complaint suggests the violation of his constitutional rights, this Court finds that amendment would be futile.

C. Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation

9

and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(3); *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 174 (3d Cir. 2009); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### III.  CONCLUSION

This Court dismisses the federal claims and declines to exercise supplemental jurisdiction.

                                s/ Noel L. Hillman
                                **NOEL L. HILLMAN, U.S.D.J.**

DATED:   October 23  , 2013

At Camden, New Jersey

10